UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14 - 8315 PSG (AGRx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Mark Lawson v. Sannette Gite, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| | Wendy Hernandez | Not Reported |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:**      **(In Chambers)**: **Order DISMISSING action**

Upon review of Plaintiff's Complaint, the Court concludes that it does not have subject matter jurisdiction over the action and so DISMISSES it *sua sponte* without prejudice.

I.     Background

On October 27, 2014, Plaintiff Mark Lawson ("Plaintiff") filed an action against Defendants Sannette Gite, Sannette Gite as Successor Trustee of the Vaughn Family Trust, ULP Enterprises, Inc., Lions Proof, LLC, M&R Bookkeeping Tax Services, LLC, Brandon Terrell-Anderson, I Work 4 U Entertainment, LLC, Tatatabom, Inc., Jung Hyun Park, Dmico Anderson, and Kramerwood Place 8940 Land Trust (collectively, "Defendants"). *See* Dkt. # 1.

Plaintiff alleges that a property in Los Angeles was left to him as sole beneficiary to the Vaughn Family Trust dated November 6, 1997, but that Defendants Gite and Anderson conspired to defraud Plaintiff out of his beneficial interest property records. *See Compl.* ¶¶ 20-22. Plaintiff believes Anderson used Lions Proof, M&R and I Work 4 U "to play a shell game of recording transfers of title to make it seem like they had title to the property when they did not." *Id.* ¶ 23. Plaintiff also believes Defendants filed known false documents in the Los Angeles County Recorder's Office. *Id.* ¶ 27.

In his complaint, Plaintiff alleges the following causes of action against Defendants: (1) declaratory relief; (2) breach of fiduciary responsibility; (3) unlawful conversion; (4) violation of the Uniform Fraudulent Transfer Act, Cal. Civ. Code § 3439, *et seq.*; (5) violation of 42 U.S.C. § 1983; (6) violation of 42 U.S.C. § 1986; (7) unfair business practices; and (8) violation of California's Business & Professions Code § 17200. *See* Dkt. # 1.

II.    Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14 - 8315 PSG (AGRx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Mark Lawson v. Sannette Gite, *et al.* | | |

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties. *See* 28 U.S.C. § 1332. Courts "have an independent obligation to determine whether subject-matter jurisdiction exist, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Court may *sua sponte* raise the question of subject matter jurisdiction at any stage of the proceedings. *Kontrick v. Ryan*, 540 U.S. 445, 455 (2004). Thus, "[w]henever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." *Arbaugh*, 546 U.S. at 506 (quoting *Kontrick*, 540 at 455).

III.  Discussion

Here, Plaintiff alleges both federal question and diversity jurisdiction, but based on the allegations, neither § 1331 nor § 1332 is satisfied.

  A.  Federal Question

Pursuant to the well-pleaded complaint rule, a federal question must be evident from the face of the plaintiff's complaint for jurisdiction under § 1331 to exist. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Thus, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

Plaintiff asserts two claims arising under federal law – violations of 42 U.S.C §§ 1983 and 1986.

  i.  § 1983 Claim

To establish his § 1983 claim against Defendants, Plaintiff must show that Defendants "under color of any statute, ordinance, regulation, custom, or usage of any State . . . subject[ed] [Plaintiff], or cause[d] [Plaintiff] to be subjected . . . to the deprivation of any [of his] rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. For a defendant to have acted "under color" of some state law means that he "exercised power possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law." *McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir. 2000) (internal quotation marks omitted).

Here, not one of the eleven Defendants acted "under color" of a state law. The alleged acts committed by them were not performed within any official capacity pursuant to a state law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14 - 8315 PSG (AGRx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Mark Lawson v. Sannette Gite, *et al.* | | |

Thus, the Court finds Plaintiff's § 1983 claim against Defendants wholly insubstantial and frivolous.

  *ii.*  *§ 1986 Claim*

To establish his § 1986 claim against Defendants, Plaintiff must show that Defendants, "having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, [were] about to be committed, and having power to prevent or aid in preventing the commission of the same, neglect[ed] or refuse[d] so to do," and "such wrongful act [was] committed." 42 U.S.C. § 1986. The wrongs mentioned in § 1985 are preventing an officer from performing duties, obstructing justice, or depriving a person of rights or privileges. 42 U.S.C. § 1985.

Plaintiff does not allege that Defendants prevented an officer from performing his or her duties or obstructed justice. Thus, the only wrong under § 1985 that Defendants may be liable for is depriving Plaintiff of his rights or privileges under § 1985(3). However, to come within § 1985(3), Plaintiff must assert a conspiracy "for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the laws." *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). This requirement requires Plaintiff to allege invidious class-based discrimination. *See United Bd. Of Carpenters & Joiners v. Scott*, 463 U.S. 825 (1983). Plaintiff does not allege discrimination at all, let alone discrimination directed toward members of a protected class. Accordingly, the Court concludes that Plaintiff's § 1986 claim against Defendants is wholly insubstantial and frivolous as well.

Due to the frivolity of Plaintiff's federal claims, the Court lacks federal question jurisdiction.

  B.  Diversity

There is also no basis for diversity jurisdiction under § 1332. For a federal court to exercise diversity jurisdiction over an action, there must be "complete" diversity between the parties, meaning that every plaintiff is a citizen of a different state from every Defendant, and the amount in controversy must exceed $75,000. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Here, while Plaintiff alleges that the amount in controversy exceeds $250,000, he does not assert his citizenship or the citizenship of Defendants. *See Compl.* 2:19-4:16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14 - 8315 PSG (AGRx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | Mark Lawson v. Sannette Gite, *et al.* | | |

Under 28 U.S.C. § 1332, if a party is a natural person and a citizen of the United States, he or she is a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [his or] her permanent home, where [he or] she resides with the intention to remain or to which [he or] she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id. (*internal citation omitted).

If a party is an unincorporated partnership or association or a limited liability company, it is a citizen of every state of which at least one of its members is a citizen. *C.T. Carden, et al. v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

If a party is a corporation, it may have dual citizenship. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For diversity purposes, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

Plaintiff has not provided the citizenship of any of the parties as detailed above. Thus, the Court lacks diversity jurisdiction over Plaintiff's claims.

IV.  Conclusion

In sum, there is no basis for federal subject matter jurisdiction over this action; therefore, the action is DISMISSED.

**IT IS SO ORDERED.**